

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOE EDMOND KING,

    Plaintiff,

v.                                           Civil Action No. 3:12CV12

DAN SMITH, et al.,

    Defendants.

**MEMORANDUM OPINION**

Joe Edmond King, a Virginia detainee currently in the custody of the Department of Behavioral Health and Developmental Services ("DBHDS"), proceeding pro se and in forma pauperis, filed this 42 U.S.C. § 1983[1] complaint. The matter is before the Court on Defendant Ramona Baliles Motion to Dismiss. (ECF No. 15.) Baliles provided King with appropriate Roseboro[2] notice. (ECF No. 17.) King has responded. For the reasons set forth below, the Court will grant Baliles's Motion to Dismiss.

---

[1] That statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).

## I. KING'S COMPLAINT

In his Particularized Complaint ("Complant"), King makes the following allegations with respect to Baliles:[3]

(1). Mr. Joe King, Plaintiff herein, an ex-felon in the Commonwealth of Virginia, serving parole in Virginia, was prosecuted pursuant to § 37.2-900 et. seq. of the Code as a SVP.
(2). Mr. King was adjudicated to be a SVP pursuant [to] § 37.2-900, by an order dated November 24, 2009. Prior to being physically committed to the "Department" he was considered for conditional release as required by law.
(3). Pursuant to § 37.2-909(A):[4] Placement of committed respondents: ". . . any respondent

---

[3] The Court corrects the spacing, punctuation, capitalization, and spelling, and removes emphasis from quotations from King's complaint. The Court believes "SVP" in King's submissions is short for "Sexually Violent Predator."

[4] Section 37.2-909(A) of the Virginia Code provides:

Any respondent committed pursuant to this chapter shall be placed in the custody of [DBHDS] for control, care, and treatment until such time as the respondent's mental abnormality or personality disorder has so changed that the respondent will not present an undue risk to public safety. [DBHDS] shall provide such control, care, and treatment at a secure facility operated by it or may contract with private or public entities, in or outside of the Commonwealth, or with other states to provide comparable control, care, or treatment. At all times, respondents committed for control, care, and treatment by [DBHDS] pursuant to this chapter shall be kept in a secure facility. Respondents committed under this chapter shall be segregated by sight and sound at all times from prisoners in the custody of a correctional facility. The Commissioner may make treatment and management decisions regarding committed respondents in his custody without obtaining prior approval of or review by the committing court.

Va. Code Ann. § 37.2-909(A) (West 2013).

      committed pursuant to this Chapter shall be placed in the custody of the Department for control, care, and treatment . . ."

. . . .

(5). On 11-24-2009, Mr. King was granted conditional release by the Circuit Court for Patrick County pursuant [to] the provisions of § 37.2-912 and § 37.2-913 of the Code.

(6). On 7-9-2010 Ramona Baliles, Parole Officer, signed a Petition for an Emergency Custody Order accusing Mr. King of, ". . . violating Sex Offender Special Instructions F, L and U . . . ." She did not accuse that Mr. King violated any criminal statute within the Code of Virginia.

(7). Pursuant [to] the Emergency Custody Order authorized by Magistrate C.C. (unknown) in Patrick County, Ramona Baliles commanded that Mr. King [be arrested and][5], ". . . . must remain in custody pending [a] hearing in [the] Circuit Court . . ." <u>See</u> EXHIBIT A (7-9-2010 Emerg. Custody Order).

(8). Ramona Baliles ordered that Mr. King be taken to the Patrick County Jail [after his arrest]; for evaluation by a person designated by the D.B.H.D.S., the "Department."

(9). On the Custody Order petitioned for by Ramona Baliles, the command was/is, ". . . to deliver [Mr. King] into the custody of the Department of Behavioral Health and Developmental Services at the following location (fill in) . . ." for the [Va. Code Ann. § 37.2-913] evaluation . . . ."
The blank line on the form was filed in [by Ramona Baliles] instructing the Patrick County Jail DEFENDANTS to keep Mr. King in their custody [at the jail] pending a hearing in the Circuit Court . . . , [instead of delivering to the "Department" or V.C.B.R. whose address is 4901 Patrick Henry Hwy., Burkeville, VA].

---

[5] Throughout his Complaint, King contends that the Magistrate ordered his "arrest" after entry of an Emergency Custody Order. It is unclear from King's Complaint whether the Magistrate ordered King detained pursuant to an Emergency Custody Order or whether the Magistrate ordered King's arrest for a new criminal act. The Court employs the term "arrest" based upon King's use of the term.

3

>    (10). The Custody Order issued by the magistrate at Ramona Baliles's request, commanded that Mr. King, ". . . shall be placed in the custody of the Department . . ." (as defined in § 37.2-900 – definitions).
>        . . . .
>    (11). As a result of the custody order requested by Ramona Baliles, Mr. King, who violated NO law and committed NO crime, was arrested and taken into punitive environment of the Patrick County Jail . . . .

(Compl. at 1-2) (third, tenth, fourteenth, and fifteenth omission added) (first through fourth, and sixth through eighth alterations added). King demands monetary damages and "injunctive relief in the form of an order for his immediate release and discharge from (1) physical commitment; (2) parole; (3) probation; and (4) Conditional Release . . . ." (Id. at 7.) The Court construes King to raise the following claims for relief against Baliles:

Claim One:   Baliles violated King's Fifth Amendment[6] right by ordering his arrest and detention though he committed no crime.

---

[6] The Fifth Amendment provides:

> No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

U.S. Const. amend. V.

4

Claim Two:   Bailies violated King's Fifth Amendment right by ordering his detention without a grand jury indictment.

Claim Three:   Baliles violated state law[7] by failing to keep King separated from inmates in the Patrick County Jail.

## II. STANDARD OF REVIEW

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright &

---

[7] Section 37.2-909(A) of the Virginia Code provides:

Any respondent committed pursuant to this chapter shall be placed in the custody of [DBHDS] for control, care, and treatment until such time as the respondent's mental abnormality or personality disorder has so changed that the respondent will not present an undue risk to public safety. [DBHDS] shall provide such control, care, and treatment at a secure facility operated by it or may contract with private or public entities, in or outside of the Commonwealth, or with other states to provide comparable control, care, or treatment.  At all times, respondents committed for control, care, and treatment by [DBHDS] pursuant to this chapter shall be kept in a secure facility.  Respondents committed under this chapter shall be segregated by sight and sound at all times from prisoners in the custody of a correctional facility. The Commissioner may make treatment and management decisions regarding committed respondents in his custody without obtaining prior approval of or review by the committing court.

Va. Code Ann. § 37.2-909(A) (West 2013).

5

Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544; 555 (2007) (second alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," id. (citation omitted), stating a claim that is "plausible on its face," rather than merely "conceivable." Id.

6

at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp., 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. See Dowe v. Total Action Against Poverty in Roanoke Valley, 145 F.3d 653, 658 (4th

Cir. 1998) (citing 42 U.S.C. § 1983). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Here, King fails to articulate clearly how his constitutional rights were violated, much less allege facts that Baliles personally participated in any such violation.

In Claim Two, King suggests that Baliles violated his Fifth Amendment rights because he had a right to be charged by a grand jury indictment before being detained. King is incorrect. The Fifth Amendment's "'requirement of a grand jury indictment is not applicable to the states.'" Robinson v. Stewart, No. 3:11CV63, 2012 WL 3151535, at *3 (E.D. Va. Aug. 2, 2012) (some internal quotation marks omitted) (quoting Bae v. Peters, 950 F.2d 469, 477-78 (7th Cir. 1991)). Accordingly, Claim Two will be dismissed with prejudice.

In Claim Three, King contends that once detained in the Patrick County Jail, the Patrick County Jail defendants failed to keep King segregated from the general population of the jail in violation of state law. See Va. Code Ann. § 37.2-909(A). Here, King fails to allege that Parole Officer Baliles had any personal involvement in the conditions of King's detention at the Patrick County Jail. Accordingly, Claim Three will be dismissed with prejudice.

8

In Claim One, King contends that Baliles violated his Fifth Amendment rights when she ordered his arrest and detention although King had committed no crime. To the extent that King even states a Fifth Amendment claim, he fails to demonstrate that Baliles personally ordered his arrest and detention. King's Complaint provides that the Magistrate, not Baliles, entered the Emergency Custody Order and ordered King's detention based upon information provided by Baliles about King's conditional release violation. (Compl. ¶¶ 6-7.) King states that on July 9, 2010, Baliles "signed a Petition for an Emergency Custody Order," accusing King of violating his terms of release. (Id. ¶ 6.) King further states that, based on the information in the Petition for an Emergency Custody Order, the Magistrate issued an Emergency Custody Order that ordered his arrest and detention. (Id. ¶ 7.) Thus, King readily admits that the Magistrate, not Baliles, ordered his arrest and detention.

From the face of the Complaint, it appears that Baliles's only involvement in King's arrest and detention was to report the violation of conditional release and provide a factual basis for King's detention. King contends that Baliles should be liable because she "requested" for King to be taken into custody. (Reply 2.) King makes no allegation that Baliles provided the Magistrate any false information which then led to

9

an improper finding of probable cause to arrest and detain King. See, e.g., Miller v. Prince George's Cty., Md., 475 F.3d 621, 627 (4th Cir. 2007) (setting forth elements necessary to allege a § 1983 claim against a defendant officer for providing false information in a warrant).

King also asserts that, in order for Baliles to recommend his detention for a conditional release violation, King must have violated a criminal law. (Reply 5.) Other than his misguided reference to an indictment, King fails to identify how this claim implicates the Fifth Amendment. Additionally, the Virginia law pertaining to emergency custody of conditionally released respondents contains no such requirement. Instead, under Section 37.2-913 of the Virginia Code

> [a] judicial officer may issue an emergency custody order, upon the sworn petition of any responsible person or upon his motion, based upon probable cause to believe that a respondent on conditional release . . . has violated the conditions of his release and is no longer a proper subject for conditional release.

Va. Code Ann. § 37.2-913(A) (2013). Again, King does not argue that the petition filed by Baliles contained false information or that she falsely accused him of violating the terms of his conditional release.

Because King fails to state a claim against Baliles, Claim One will be dismissed without prejudice.

## IV. CONCLUSION

The Motion to Dismiss (ECF No. 15) will be granted. King's claims and the action will be dismissed against Baliles.

The Clerk is directed to send a copy of the Memorandum Opinion to King and counsel of record.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: January 27, 2014
Richmond, Virginia