

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

JOE EDMOND KING,

    Plaintiff,

v.                              Civil Action No. 3:12CV12

DAN SMITH, <u>et al.</u>,

    Defendants.

### MEMORANDUM OPINION

Joe Edmond King, a Virginia detainee currently in the custody of the Department of Behavioral Health and Developmental Services ("DBHDS"), proceeding <u>pro se</u> and <u>in forma pauperis</u>, filed this 42 U.S.C. § 1983[1] complaint. The matter is before the Court on: (1) the Motion to Dismiss filed by Defendant James W. Stewart, III, the Commissioner of the Virginia Department of Behavioral Health and Developmental Services ("DBHDS") (ECF No. 30); (2) the Motion to Dismiss filed by Defendant Dr. Glenn R. Miller, Jr. (ECF No. 23); (3) the Motion to Dismiss filed by Defendants Sheriff Dan Smith, Captain Darryl Smith, Lt. Keith

---

[1] That statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

Bocock, Sgt. Elbert Cassady, Sgt. Barry Vipperman, Deputy Bobby Johnson, Deputy Eddie Hancock, Deputy Jason Handy, Deputy Sara Thompson, and Steve Turner ("Patrick County Jail Defendants")[2] (ECF No. 37); and (4) the Court's evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A. King has responded. (ECF No. 41.) For the reasons set forth below, the Court will grant Defendant Stewart's Motion to Dismiss, will grant Defendant Miller's Motion to Dismiss, will deny the Patrick County Jail Defendants' Motions to Dismiss, and will summarily dismiss Claim Two.

## I. KING'S COMPLAINT

In his Particularized Complaint ("Complaint"),[3] King makes the following allegations with respect to the remaining[4] defendants:[5]

---

[2] The Court employs the spelling of Defendants' names provided in the Motion to Dismiss.

[3] Because King's original complaint failed to provide each defendant with fair notice of the facts and legal basis upon which his or her liability rested, by Memorandum Order entered on April 24, 2012, the Court directed King to file a particularized complaint. On May 9, 2012, King filed a Particularized Complaint (ECF No. 8), however, the Particularized Complaint only marginally improved the deficiencies of the original complaint.

[4] The Court previously dismissed Defendant Ramona Baliles from the action. (ECF No. 44.)

[5] The Court corrects the spacing, punctuation, capitalization, and spelling, and removes emphasis from quotations from King's complaint. The Court believes "SVP" in

2

(1). Mr. Joe King, Plaintiff herein, an ex-felon in the Commonwealth of Virginia, serving parole in Virginia, was prosecuted pursuant to § 37.2-900 et. seq. of the Code as a SVP.

(2). Mr. King was adjudicated to be a SVP pursuant [to] § 37.2-900, by an order dated November 24, 2009. Prior to being physically committed to the "Department" he was considered for conditional release as required by law.

(3). Pursuant to § 37.2-909(A):[6] Placement of committed respondents: ". . . any respondent committed pursuant to this Chapter shall be placed in the custody of the Department for control, care, and treatment . . ."

. . . .

---

King's submissions is short for "Sexually Violent Predator." Because King's Complaint contains many omissions and alterations, for ease of reference, the Court notes all added alterations or omissions in bold. All other admissions and alterations appear in the Complaint.

[6] Section 37.2-909(A) of the Virginia Code provides:

Any respondent committed pursuant to this chapter shall be placed in the custody of [DBHDS] for control, care, and treatment until such time as the respondent's mental abnormality or personality disorder has so changed that the respondent will not present an undue risk to public safety. [DBHDS] shall provide such control, care, and treatment at a secure facility operated by it or may contract with private or public entities, in or outside of the Commonwealth, or with other states to provide comparable control, care, or treatment. At all times, respondents committed for control, care, and treatment by [DBHDS] pursuant to this chapter shall be kept in a secure facility. Respondents committed under this chapter shall be segregated by sight and sound at all times from prisoners in the custody of a correctional facility. The Commissioner may make treatment and management decisions regarding committed respondents in his custody without obtaining prior approval of or review by the committing court.

Va. Code Ann. § 37.2-909(A) (West 2013).

3

(5). On 11-24-2009, Mr. King was granted conditional release by the Circuit Court for Patrick County pursuant **[to]** the provisions of § 37.2-912 and § 37.2-913 of the Code.

(6). On 7-9-2010 Ramona Baliles, Parole Officer, signed a Petition for an Emergency Custody Order accusing Mr. King of ". . . violating Sex Offender Special Instructions F, L and U . . . ." She did not accuse that Mr. King violated any criminal statute within the Code of Virginia.

(7). Pursuant **[to]** the Emergency Custody Order authorized by Magistrate C.C. (unknown) in Patrick County, Ramona Baliles commanded that Mr. King [be arrested and], ". . . . must remain in custody pending **[a]** hearing in **[the]** Circuit Court . . . ." See EXHIBIT A (7-9-2010 Emerg. Custody Order).

(8). Ramona Baliles ordered that Mr. King be taken to the Patrick County Jail [after his arrest] for evaluation by a person designated by the D.B.H.D.S., the "Department."

(9). On the Custody Order petitioned for by Ramona Baliles, the command was/is, ". . . to deliver [Mr. King] into the custody of the Department of Behavioral Health and Developmental Services at the following location (fill in) . . ." for the **[Va. Code Ann. § 37.2-913]** evaluation . . . ." The blank line on the form was filed in [by Ramona Baliles] instructing the Patrick County Jail DEFENDANTS to keep Mr. King in their custody [at the jail] pending a hearing in the Circuit Court . . . , [instead of delivering **[him]** to the "Department" or V.C.B.R. whose address is 4901 Patrick Henry Hwy., Burkeville, VA].

(10). The Custody Order issued by the magistrate at Ramona Baliles's request, commanded that Mr. King, ". . . shall be placed in the custody of the Department . . ." (as defined in § 37.2-900 – definitions).

　　. . . .

(11). As a result of the custody order requested by Ramona Baliles, Mr. King, who violated no law and committed no crime, was arrested and taken into punitive environment of the Patrick County Jail . . . .

(12). On 7-8-10 Mr. King was in fact placed in punitive

Restraints by the state police, like a common criminal, and taken to **[the]** Patrick County Jail, where custody of Mr. King was given to and taken by Captain Darryl Smith, who is known to Mr. King as the Chief Jailer (at PCJ) and the person in responsible charge of the jail, acting for the Sheriff. Captain Darrell Smith assigned Mr. King to be held in general population with dangerous convicted felons in violation of state law § 37.2-909(A).

. . . .

(14). Mr. King was detained illegally in the punitive environment of the Patrick County Jail in general population violation of state law § 37-909(A) from 7-9-2010 to 2-14-2011.

(15). During this time the Commissioner [of the Department] knew Mr. King was in his "custody" and housed in the Patrick County Jail, illegally; and, took no action to have him (1) transported to V.C.B.R.; or (2) segregated away from dangerous criminals in the jail as required by § 37.2-909(A) of the Code.

(16). Pursuant § 37.2-913(B) Mr. King was supposed to be transported to a secure [hospital] facility specified by the Department where a person designated by the Department shall perform a mental health examination. See § 73.2-913 of the Code.

(17). Dr. Rex Miller was designated by the Commissioner/Department and he came to the Patrick County Jail where he observed Mr. King in the dangerous punitive environment and then interrogated him under those conditions instead of a proper clinical setting.
Mr. King was not read his rights by law enforcement; was not charged with any crime; and, was denied consultation with an attorney by Dr. Rex Miller while he was acting as an agent for the office of the Attorney General. See § 37.2-913(B).

(18). On November 1, 2010, in the Circuit Court for Patrick County, Virginia, the Judge committed Mr. King, " . . . to the custody of the DBHDS for appropriate treatment and confinement in a secure facility designated by the Commissioner of the DBHDS . . . ."

Mr. King's detainment at the Patrick County Jail continued, illegally, in general population, from 11-1-2010 to 9-19-2011 before he was taken to the VCBR in Burkeville, Virginia. . . .

(19). The Patrick County Court further ordered that Mr. King, ". . . shall have an annual review of his civil commitment on November 1, 2011, at 9:00 a.m.; and, . . ." this due process right established by statute law . . . was completely ignored by the defendants herein.
       . . . .

(21). During the time Mr. King spent in the punitive environment of the Patrick County Jail he was told by Captain Darryl Smith he would be the "Jail Barber," and cut hair of the inmates and convicted prisoners in the jail.

(22). . . . [N]ow the defendants had assigned him to work with tools and in personal physical contact with prisoners as he cut hair which clearly violated § 37-909(A) of the Code of Virginia.

(23). The Patrick County Court's Order on 11-1-2010 further stated that, ". . . the Commissioner of DBHDS shall provide a report to the Court, the OAG, and Mr. King's attorney no later than sixty (60) days prior to the hearing . . ." which was ordered to be held on 11-1-2011 at 9 a.m. . . .

(24). Sixty days prior to 11-1-2011 Mr. King asked Therapist Ms. Short and VCBR Facility Director Ms. Kimberly H, Runion about his progress report. Pamela Sargent, with OAG, had not scheduled transportation for the hearing that was ordered by the Court; and, instructed Ms. Runion to not do Mr. King's evaluation until Oct. 2012.

(Compl. at 1-4.)   The Court generously construes King to raise

the following claims for relief:

Claim One:     Defendant   Stewart   violated   King's   Fourteenth
               Amendment   due   process   rights[7]   by   failing   to
               transfer King from the Patrick County Jail to the

---

[7] "No State shall . . . deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."   U.S. Const. amend. XIV, § 1.

6

> custody of the Virginia Center for Behavioral Rehabilitation ("VCBR") and housing King in general population of the Patrick County Jail.

Claim Two: Defendants Captain Darryl Smith and Sheriff Dan Smith violated King's Fifth Amendment rights[8] by admitting King to the Patrick County Jail in handcuffs and housing King in general population in violation of section 37.2-909(A) of the Virginia Code.

Claim Three: The Patrick County Jail Defendants violated King's due process rights by housing King in general population and failing to transfer King from the Patrick County Jail to the custody of the VCBR despite his repeated complaints.

Claim Four: Defendant Captain Darryl Smith violated King's due process rights by assigning King to work as a barber, placing him contact with inmates in violation of section 37.2-909(A) of the Virginia Code.

Claim Five: Defendant Miller violated King's due process rights because he "knew it was illegal to detain Mr. King in a jail/prison general population . . . but willfully allowed" King to remain in the jail instead of transferring him to the VCBR. (Id. at 6.)

---

[8] The Fifth Amendment provides:

No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

U.S. Const. amend. V.

Claim Six:      Defendant Miller violated King's due process rights when Defendant Miller "interrogated" King when King "was not read his rights, . . . was not charged with any crime, and was denied consultation with an attorney . . . ." (Id. at 3.)

For the reasons stated below, Claims One, Two, Five, and Six will be dismissed with prejudice.

## II.   PROCEDURAL HISTORY

Because of King's lack of candor with the Court about the reason for at least a portion of his detention, the Court first summarizes the procedural background leading to King's detention as provided by Defendant Stewart and available from the public record. (See Stewart's Mem. Supp. Mot. Dismiss Exs. 1-6, ECF No. 31-1 through 31-6); Walker v. Kelly, 589 F.3d 127, 139 (4th Cir. 2009) (citation omitted) (explaining that "[a] federal court may consider matters of public record such as documents from prior state court proceedings in conjunction with a Rule 12(b)(6) motion" and "without having to convert the Rule 12(b)(6) motion to one for summary judgment . . .").

On July 20, 1993, the Circuit Court for Patrick County ("Circuit Court") convicted King of rape and entering a dwelling house with the intention to commit a rape and sentenced him to twenty-five years of incarceration. See Commonwealth v. King, Nos. CR92009665-00 and CR92009667-00 (Va. Cir. Ct. July 20,

1993).[9] On November 24, 2009, the Circuit Court found King to be an SVP, but nonetheless determined that King was suitable for conditional release, the less restrictive alternative to involuntary secure impatient treatment and hospitalization pursuant to the Sexually Violent Predator Act, Virginia Code section 37.900 et seq. Commonwealth v. King, No. 08-196, at 1-6 (Va. Cir. Ct. entered November 24, 2009). The Circuit Court accepted the conditional release plan, added further restrictions on King's release, and released King from incarceration to the supervision of Patrick County probation. Id. at 2-6.

On June 22, 2010, police arrested King in Patrick County and charged him with entering school property after a conviction of a sexually violent offense on May 19, 2010, a felony under section 18.2-370.5 of the Virginia Code.[10] (See Stewart's Mem. Supp. Mot. Dismiss Ex. 2, at 1-2.)

---

[9] See http://www.courts.state.va.us (select "Case Status and Information;" select "Circuit Court" from drop-down menu; select hyperlink for "Case Information"; select "Patrick Circuit Court" from drop-down menu and follow "Begin" button; type "King, Joe," and then follow "Search by Name" button; then follow hyperlink for "CR92009665-00" and "CR92009667-00").

[10] "Every adult who is convicted of a sexually violent offense . . . shall be prohibited from entering or being present (i) during school hours . . . upon any property he knows or has reason to know is a public or private elementary school or child day center property . . . ." Va. Code Ann. § 18.2-370.5(A) (West 2014).

On July 9, 2010, a Patrick County magistrate issued an Emergency Custody Order based upon a petition filed by King's probation officer, Ramona Baliles, stating that King had violated several terms of his conditional release, including entering school property during school hours or during hours of school-related activity. (See id. Ex. 3, at 1-2.) As of July 9, 2010, King was housed in the Patrick County Jail. (See id. at 1.) The Emergency Custody Order commanded that "ANY AUTHORIZED OFFICER" take King into custody and transport him to the Patrick County Jail where King "must remain in custody pending hearing in Circuit Court." (Id.)

On November 1, 2010, King appeared in the Circuit Court for his conditional release violation hearing. See Commonwealth v. King, No. CL-08-196, at 1-4 (Va. Cir. Ct. Nov. 1, 2010). The Circuit Court found that King had violated the conditions of his release, was no longer suitable for conditional release, and revoked his conditional release. Id. at 2. The Circuit Court ordered that King "be committed to the custody of the [DBHDS] for appropriate treatment and confinement in a secure facility designated by the Commissioner . . . ." (Id.) Following the hearing on November 1, 2010, King was returned to the Patrick County Jail because of the pending felony charge. (Stewart's Mem. Supp. Mot. Dismiss 3; see id. Ex. 2, at 1).

10

The Circuit Court found King guilty of entering school property after having been adjudged a sexually violent offender, and on February 28, 2011, the Circuit Court sentenced King to two years and six months of imprisonment in the custody of Virginia Department of Corrections ("VDOC"), with two years and three months of the sentence suspended, leaving an active term of incarceration of three months. Commonwealth v. King, No. CR10019122-00, at 1-2 (Va. Cir. Ct. Feb. 28, 2011).

On September 16, 2011, the Virginia Parole Board ordered that King could be released to the custody of the VCBR on September 19, 2011. (Stewart's Mem. Supp. Mot. Dismiss Ex. 6, at 1.)  King moved into the custody of the VCBR on September 19, 2011. (Compl. 3.)

### III. STANDARD OF REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); see 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" Clay v. Yates, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting Conley v. Gibson, 355

12

U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," id. (citation omitted), stating a claim that is "plausible on its face," rather than merely "conceivable." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp., 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243

(4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## IV. ANALYSIS

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. See Dowe v. Total Action Against Poverty in Roanoke Valley, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Furthermore, "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must [allege] that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009); Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (noting that the doctrine of respondeat superior is inapplicable to § 1983 actions).

King generally contends that as an SVP and a civil committee, Defendants improperly detained him in the Patrick County Jail, in general population, from his arrest on July 8, 2010 through September 19, 2011. King believes that section 37.2-909(A) of the Virginia Code required Defendants to detain King either in the VCBR or "segregated by sight and sound at all

14

times from prisoners in the custody of a correctional facility."
Va. Code Ann. § 37.2-909(A).

## A. Defendant Stewart

In Claim One, King argues that Stewart violated his right
to due process when he failed to have King transferred out of
the punitive environment of the Patrick County Jail into the
custody of the VCBR, in violation of Virginia Code section 37.2-
909(A).

The Due Process Clause applies when government action
deprives an individual of a legitimate liberty or property
interest. See Bd. of Regents of State Colls. v. Roth, 408 U.S.
564, 569-70 (1972). Thus, the first step in analyzing a
procedural due process claim is to identify whether the alleged
conduct affects a protected liberty or property interest.
Beverati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997) (citations
omitted). A liberty interest may arise from the Constitution
itself, or from state laws and policies. Wilkinson v. Austin,
545 U.S. 209, 220-21 (2005) (citations omitted).

King fails to allege that he had a legitimate liberty
interest in being detained somewhere other than general
population of the Patrick County Jail between his arrest for a
new felony charge on June 22, 2010 and his sentencing for his
conviction of that charge on February 28, 2011. While King
alleges that he "violated no law and committed no crime, [and]

15

was arrested and taken into the punitive environment of the Patrick County Jail" (Compl. 2), King misstates the truth. King wholly omits any reference to his concurrent criminal proceedings or his lawful detention in the Patrick County Jail for that felony charge and conviction.

Stewart has shown that at all times relevant to the Complaint, King was detained in the Patrick County Jail for a new criminal charge, not as a civil detainee. Defendant Stewart has demonstrated that, on June 22, 2010, police arrested King for his commission of a new felony - entering school property as a sexually violent offender. The Magistrate ordered King detained in the Patrick County Jail pending his criminal trial, the Circuit Court convicted King of the offense, and sentenced King to an active term of three months of imprisonment on February 28, 2011. Nevertheless, King argues that he improperly remained in the punitive environment until September 19, 2011.

Based on the public record, King would have completed his three-month active criminal sentence, at the latest, by May 28, 2011. Thus, Stewart has failed to demonstrate that King's detention in the Patrick County Jail after May 28, 2011, flowed from his criminal charge, conviction, and sentence, and not a civil commitment. While Stewart's argument fails to establish that King was detained entirely on criminal charges,

16

nevertheless, as explained below, King failed to state a claim for relief against Stewart.

Stewart's alternative argument is that King fails to allege facts that Stewart was personally involved in the deprivation of King's constitutional rights. Stewart is correct. King alleges that Stewart, the Commissioner of DBHDS, "knew" that King was housed in the Patrick County Jail. However, Stewart took no action to remove him from the jail. (Compl. 3.) King fails to allege that Stewart bears any responsibility for his detention in the Patrick County Jail. Instead, King's vague and conclusory allegations fall short of permitting the conclusion that Stewart knew of King's detention in the Patrick County Jail. See Walters v. McMahen, 684 F.3d 435, 442 (4th Cir. 2012) (holding that vague allegation that defendant had "'actual knowledge'" without "factual basis to support the statement" failed to render the allegation plausible under Iqbal); Mayfield Nat'l Ass'n Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012) (explaining that a conclusory assertion of knowledge that is nothing more than "a mere recitation of the legal standard—is precisely the sort of allegations that [Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)] and Iqbal rejected").

King's vague factual allegations against Defendant Stewart fail to "produce an inference of liability strong enough to

17

nudge the plaintiff's claims 'across the line from conceivable to plausible.'" Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 256 (4th Cir. 2009) (quoting Iqbal, 556 U.S. at 683). Thus, King fails to allege that Stewart personally participated in or was aware of any purported deprivation of King's constitutional rights. Stewart's Motion to Dismiss will be granted and Claim One will be dismissed.[11]

### B. Defendant Miller

In Claims Five and Six, King faults Dr. Miller because he performed a psychiatric evaluation of King under section 37.2-

---

[11] King mentions the Equal Protection Clause in his Complaint, but provides no allegations to support this claim. While none of the defendants address King's vague equal protection claim, the Court reviews this claim pursuant to its obligations under 28 U.S.C. § 1915(e)(2). The Equal Protection Clause of the Fourteenth Amendment commands that similarly situated persons be treated alike. See City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)). In order to state an Equal Protection Clause claim, King must allege: (1) "that he has been treated differently from others with whom he is similarly situated"; and, (2) that the differing treatment resulted from intentional discrimination. Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). King fails to allege any facts that indicate that the defendants discriminated against him or treated him differently than any other similarly situated inmate. To the extent King alleges a violation of equal protection, such claim will be summarily dismissed.

King also makes a passing reference to Defendant Stewart's failure to file a "report ordered by the Court" on November 11, 2011. (Compl. 6.) However, King fails to allege how this vague, unsupported allegation pertains factually or temporally to the remainder of his claims alleging a purportedly illegal detention in the Patrick County Jail through September 19, 2011.

913(B)[12] of the Virginia Code in the Patrick County Jail instead of in a "proper clinical setting." (Compl. 3.) King argues that Dr. Miller "an expert in the handling and care" of civilly committed SVPs, violated King's right to due process because he "knew that it was illegal to detain Mr. King in a jail/prison general population . . . but willfully allowed that violation of Mr. King's rights to continue." (Id. at 6.)

To the extent that King suggests that Dr. Miller's alleged failure to follow state law violated his right to due process, King's claim lacks merit. King fails to adequately allege that Dr. Miller had personal involvement in the selection of King's place of detention or the location where he interviewed King. Moreover, section 37.2-913(B) of the Virginia Code requires only that Dr. Miller's interview take place in a "secure facility" not a "proper clinical setting" as King suggests. See Va. Code Ann. § 37.2-913(B). The Patrick County Jail is certainly a

---

[12] Section 37.2-913(B) provides in relevant part:

The respondent shall be transported to a secure facility specified by the Department where a person designated by the Department who is skilled in the diagnosis and risk assessment of sex offenders and knowledgeable about the treatment of sex offenders shall as soon as practicable, perform a mental health examination of the respondent, including a personal interview.

Va. Code Ann. § 37.2-913(B). Contrary to King's assertion the statute contains no requirement that the interview take place in a "proper clinical setting." (Compl. 3.)

19

"secure facility." Claim Five lacks merit and will be dismissed.

In Claim Six, King argues that Dr. Miller "interrogated" King, but King "was not read his rights . . . was not charged with any crime; and, was denied consultation with an attorney . . . ." (Compl. 3.) King wholly fails to allege how the Court-ordered psychological evaluation of King violated his rights to due process. Claim Six lacks merit and will be dismissed. Dr. Miller's Motion to Dismiss will be granted.

## C. Patrick County Jail Defendants

In Claims Two, Three, and Four, King alleges that the Patrick County Jail Defendants violated his Fifth and Fourteenth Amendment rights. In response, the Patrick County Jail Defendants argue that King's claims are legally frivolous under Heck v. Humphrey, 512 U.S. 477 (1994) and that alleged violations of state law cannot be the basis for a due process claim. (Patrick County Jail Defs.' Mem. Supp. Mot. Dismiss 2-3.) For the reasons stated below, the Motion to Dismiss will be denied. Nevertheless, the Court will summarily dismiss Claim Two for failure to state a claim.

### 1. Fifth Amendment

In Claim Two, King contends that Captain Darryl Smith and Sheriff Dan Smith violated his Fifth Amendment rights. Claim Two alleges that Captain Darryl Smith "violated Mr. King's

20

rights when he [Smith] 'received' Mr. King from the Virginia State Police and made a decision to detain Mr. King in the jail's general population." (Compl. 5.) King claims that Sheriff Dan Smith "decided or allowed or negligently permitted other persons under his control and supervision to violate Mr. King's rights when he (1) allowed Mr. King to be escorted into his jail in handcuffs; and (2) then be assigned into general population with convicted felons." (Id.) However, King fails to allege how the conduct of Captain Darryl Smith and Sheriff Dan Smith in transporting King in handcuffs or detaining him in the general population of the Patrick County Jail implicates the Fifth Amendment.[13] Accordingly, Claim Two will be dismissed.

### 2. Fourteenth Amendment

King contends that as an SVP, a civil committee, he was improperly detained in the Patrick County Jail, in general

---

[13] At the beginning of King's Fifth Amendment section he contends that he had a "5th Amendment right to not be detained by authorities (1) without a warrant; or (2) without a Grand Jury Indictment." (Compl. 4.) King fails to allege that either Defendant Captain Darryl Smith or Defendant Sheriff Dan Smith had any personal involvement in ordering his arrest and detention. Instead, the record shows that, after King's arrest for a new felony charge, a magistrate ordered his detention in the Patrick County Jail. (See Stewart's Mem. Supp. Mot. Dismiss Ex. 3, at 1-2.)

Moreover, the Fifth Amendment's "'requirement of a grand jury indictment is not applicable to the states.'" Robinson v. Stewart, No. 3:11CV63, 2012 WL 3151535, at *3 (E.D. Va. Aug. 2, 2012) (some internal quotation marks omitted) (quoting Bae v. Peters, 950 F.2d 469, 477-78 (7th Cir. 1991)).

population, between his arrest on July 8, 2010 through September 19, 2011. In King's view, section § 37.2-909(A) of the Virginia Code required the Patrick County Jail Defendants to detain King either in the VCBR or "segregated by sight and sound at all times from prisoners in the custody of a correctional facility," Va. Code Ann. § 37.2-909(A), and that the failure to segregate King in compliance with state law violated his due process rights. King also argues that his assignment as jail barber violated his due process rights because it placed him in contact with inmates.

The Patrick County Jail Defendants argue that "to the extent King 'seeks money damages stemming from improper incarceration such attempt via 42 U.S.C. § 1983 is legally frivolous under Heck v. Humphrey, 512 U.S. 477 (1994) and related cases.'" (Mem. Supp. Mot. Dismiss 2 (citation omitted).) To the extent that King seeks damages based on the fact of his civil detention or continued civil detention, the Patrick County Jail Defendants are correct, and King's claims are legally frivolous under Heck. See McVey v. Runion, No. 3:11CV534, 2012 WL 2374016, at *2-3 (E.D. Va. Feb. 21, 2012). However, King also seeks money damages based on his argument that, as a civil detainee, he was improperly detained in a punitive environment and that detention violated his due process rights. The Patrick County Defendants have not

22

explained how Heck bars King's claims for monetary damages for his detention in a punitive environment, if, as alleged, he should have been detained as a civil committee at the relevant time.

The Patrick County Jail Defendants also suggest that violations of state law cannot provide the basis for a due process claim. Nevertheless, a liberty interest may arise from the Constitution itself, or from state laws and policies. Wilkinson, 545 U.S. at 220-21; see Burnette v. Fahey, 687 F.3d 171, 181 (4th Cir. 2012). The Patrick County Jail Defendants' cursory argument and analysis fail to address whether Va. Code Ann. § 37.2-909(A) creates a protected liberty interest. Because the Patrick County Jail Defendants failed to adequately address Claims Three and Four, their Motion to Dismiss will be denied without prejudice to raising the issue on summary judgment should they choose to do so on a thorough presentation of applicable law.

## V. FAILURE TO SERVE DEFENDANTS

Pursuant to Federal Rule of Civil Procedure 4(m), King had one hundred and twenty (120) days from the filing of the complaint to serve the Defendants. Here, that period commenced on June 14, 2013. The Court directed King to promptly provide a street address for the Defendants if he desired the Court's

assistance in effecting service.  King provided addresses for some defendants and by Memorandum Order entered October 2, 2013, the Court directed the Clerk to issue process for the certain named defendants and for the Marshal to effect service.  The Marshal filed an unexecuted return for Defendants Sargent and Taylor with the Court on October 4, 2013 and April 28, 2014 indicating that these defendants no longer work at the addresses provided by King.  (See ECF Nos. 27, 45.)[14]  King has also failed to provide sufficient identifying information to effect service on the Unknown Defendant 1, a Trooper with the Virginia State Police.

By Memorandum Order entered May 8, 2014, the Court ordered King to show cause, within eleven (11) days of the date of entry thereof, why the action should not be dismissed without prejudice against Defendants Sargent, Taylor, and Unknown Defendant 1.  King has responded.

Rule 4(m) requires that, absent a showing of good cause, the Court must dismiss without prejudice any complaint in which the plaintiff fails to serve the defendant within the allotted 120-day period.  Fed. R. Civ. P. 4(m).  Courts within the Fourth Circuit found good cause to extend the 120-day time period when the plaintiff has made "'reasonable, diligent efforts to effect

---

[14]  The Marshal sent King notice that he could not serve Defendants Sargent and Taylor at the addresses provided by King.

service on the defendant.'" *Venable v. Dep't of Corr.*, No. 3:05cv821, 2007 WL 5145334, at *1 (E.D. Va. Feb. 7, 2007) (quoting *Hammad v. Tate Access Floors, Inc.*, 31 F. Supp. 2d 524, 528 (D. Md. 1999)).

As cause for his inability to provide an address for the unserved Defendants, King first faults his civil detention as cause for his failure to effect service. (ECF No. 47, at 1.) However, detention does not suffice to show good cause. *Sewraz v. Long*, No. 3:08CV100, 2012 WL 214085, at *1-2 (E.D.Va. Jan. 24, 2012) (citations omitted). King also makes the unsworn allegation that he has no access to the Internet "or any other means to locate the defendants," and claims that Defendants "fled from their former employment." (ECF No. 47, at 2.) King's allegations fail to demonstrate that he made reasonable, diligent efforts to effect service on Defendants Sargent, Taylor, or Unknown Defendant 1. Furthermore, nothing submitted by King gives this Court any indication that Defendants will be properly served any time in the future. *Sewraz*, 2012 WL 214085, at *3 (citations omitted). Accordingly, the claims against Defendants Sargent, Taylor, and Unknown Defendant 1 will be dismissed without prejudice.

## VI.   CONCLUSION

Stewart's Motion to Dismiss (ECF No. 30) and Defendant Miller's Motion to Dismiss (ECF No. 23) will be granted.   The Patrick County Defendants' Motion to Dismiss (ECF No. 37) will be denied without prejudice.   Claims One, Two, Five, and Six will be dismissed with prejudice.   The claims against Defendants Sargent, Taylor, and Unknown Defendant 1 will be dismissed without prejudice.

The Clerk is directed to send a copy of the Memorandum Opinion to King and counsel of record.

                    /s/

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date:   September 2, 2014