IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



JOE EDMOND KING,

    Plaintiff,

v.                                        Civil Action No. 3:12CV12

DAN SMITH, et al.,

    Defendants.

## MEMORANDUM OPINION

Joe Edmond King, a Virginia detainee currently in the custody of the Department of Behavioral Health and Developmental Services ("DBHDS"), proceeding pro se and in forma pauperis, filed this 42 U.S.C. § 1983[1] complaint. The matter is before the Court on the Motion for Summary Judgment filed by Defendants Sheriff Dan Smith, Captain Darryl Smith, Lt. Keith Bocock, Sgt. Elbert Cassady, Sgt. Barry Vipperman, Deputy Bobby Johnson, Deputy Eddie Hancock, Deputy Jason Handy, Deputy Sara Thompson,

---

[1] That statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

and Steve Turner ("Patrick County Jail Defendants").[2] (ECF No. 50) Despite the provision of Roseboro notice,[3] King has not responded. For the reasons set forth below, the Patrick County Jail Defendants' Motion for Summary Judgment will be granted.

I. KING'S COMPLAINT

In his Particularized Complaint ("Complaint"),[4] King makes the following allegations with respect to the remaining[5] defendants:[6]

> (1). Mr. Joe King, Plaintiff herein, an ex-felon in the Commonwealth of Virginia, serving parole in

---

[2] The Court employs the spelling of Defendants' names provided in the Motion for Summary Judgment.

[3] Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).

[4] Because King's original complaint failed to provide each defendant with fair notice of the facts and legal basis upon which his or her liability rested, by Memorandum Order entered on April 24, 2012, the Court directed King to file a particularized complaint. On May 9, 2012, King filed a Particularized Complaint (ECF No. 8), however, the Particularized Complaint only marginally improved the deficiencies of the original complaint.

[5] The Court previously dismissed Defendants Baliles (ECF No. 44), Stewart, Miller, Sargent, Taylor, and Unknown Defendant 1 (ECF No. 49) from the action.

[6] The Court corrects the spacing, punctuation, capitalization, and spelling, and removes emphasis from quotations from King's complaint. The Court believes "SVP" in King's submissions is short for "Sexually Violent Predator." Because King's Complaint contains many omissions and alterations, for ease of reference, the Court notes all added alterations or omissions in bold. All other admissions and alterations appear in the Complaint.

Virginia, was prosecuted pursuant to § 37.2-900 et. seq. of the Code as a SVP.

(2). Mr. King was adjudicated to be a SVP pursuant [to] § 37.2-900, by an order dated November 24, 2009. Prior to being physically committed to the "Department" he was considered for conditional release as required by law.

(3). Pursuant to § 37.2-909(A):[7] Placement of committed respondents: ". . . any respondent committed pursuant to this Chapter shall be placed in the custody of the Department for control, care, and treatment . . ."

. . . .

(5). On 11-24-2009, Mr. King was granted conditional release by the Circuit Court for Patrick County pursuant [to] the provisions of § 37.2-912 and § 37.2-913 of the Code.

(6). On 7-9-2010 Ramona Baliles, Parole Officer, signed a Petition for an Emergency Custody Order accusing Mr. King of ". . . violating Sex Offender Special Instructions F, L and U . . . ."

---

[7] Section 37.2-909(A) of the Virginia Code provides:

Any respondent committed pursuant to this chapter shall be placed in the custody of [DBHDS] for control, care, and treatment until such time as the respondent's mental abnormality or personality disorder has so changed that the respondent will not present an undue risk to public safety. [DBHDS] shall provide such control, care, and treatment at a secure facility operated by it or may contract with private or public entities, in or outside of the Commonwealth, or with other states to provide comparable control, care, or treatment. At all times, respondents committed for control, care, and treatment by [DBHDS] pursuant to this chapter shall be kept in a secure facility. Respondents committed under this chapter shall be segregated by sight and sound at all times from prisoners in the custody of a correctional facility. The Commissioner may make treatment and management decisions regarding committed respondents in his custody without obtaining prior approval of or review by the committing court.

Va. Code Ann. § 37.2-909(A) (West 2013).

3

She did not accuse that Mr. King violated any criminal statute within the Code of Virginia.

(7). Pursuant **[to]** the Emergency Custody Order authorized by Magistrate C.C. (unknown) in Patrick County, Ramona Baliles commanded that Mr. King [be arrested and], ". . . . must remain in custody pending **[a]** hearing in **[the]** Circuit Court . . . ." <u>See</u> EXHIBIT A (7-9-2010 Emerg. Custody Order).

(8). Ramona Baliles ordered that Mr. King be taken to the Patrick County Jail [after his arrest] for evaluation by a person designated by the D.B.H.D.S., the "Department."

(9). On the Custody Order petitioned for by Ramona Baliles, the command was/is, ". . . to deliver [Mr. King] into the custody of the Department of Behavioral Health and Developmental Services at the following location (fill in) . . ." for the **[Va. Code Ann. § 37.2-913]** evaluation . . . ."
The blank line on the form was filed in [by Ramona Baliles] instructing the Patrick County Jail DEFENDANTS to keep Mr. King in their custody [at the jail] pending a hearing in the Circuit Court . . . , [instead of delivering **[him]** to the "Department" or V.C.B.R. whose address is 4901 Patrick Henry Hwy., Burkeville, VA].

(10). The Custody Order issued by the magistrate at Ramona Baliles's request, commanded that Mr. King, ". . . shall be placed in the custody of the Department . . ." (as defined in § 37.2-900 – definitions).

. . . .

(11). As a result of the custody order requested by Ramona Baliles, Mr. King, who violated no law and committed no crime, was arrested and taken into punitive environment of the Patrick County Jail . . . .

(12). On 7-8-10 Mr. King was in fact placed in punitive Restraints by the state police, like a common criminal, and taken to **[the]** Patrick County Jail, where custody of Mr. King was given to and taken by Captain Darryl Smith, who is known to Mr. King as the Chief Jailer (at PCJ) and the person in responsible charge of the jail, acting for the Sheriff. Captain Darrell Smith assigned Mr. King to be held in general population with dangerous convicted felons in violation of state law § 37.2-909(A).

4

. . . .

(14). Mr. King was detained illegally in the punitive environment of the Patrick County Jail in general population violation of state law § 37-909(A) from 7-9-2010 to 2-14-2011.

(15). During this time the Commissioner [of the Department] knew Mr. King was in his "custody" and housed in the Patrick County Jail, illegally; and, took no action to have him (1) transported to V.C.B.R.; or (2) segregated away from dangerous criminals in the jail as required by § 37.2-909(A) of the Code.

(16). Pursuant § 37.2-913(B) Mr. King was supposed to be transported to a secure [hospital] facility specified by the Department where a person designated by the Department shall perform a mental health examination. See § 73.2-913 of the Code.

(17). Dr. Rex Miller was designated by the Commissioner/Department and he came to the Patrick County Jail where he observed Mr. King in the dangerous punitive environment and then interrogated him under those conditions instead of a proper clinical setting.
Mr. King was not read his rights by law enforcement; was not charged with any crime; and, was denied consultation with an attorney by Dr. Rex Miller while he was acting as an agent for the office of the Attorney General. See § 37.2-913(B).

(18). On November 1, 2010, in the Circuit Court for Patrick County, Virginia, the Judge committed Mr. King, " . . . to the custody of the DBHDS for appropriate treatment and confinement in a secure facility designated by the Commissioner of the DBHDS . . . ."
Mr. King's detainment at the Patrick County Jail continued, illegally, in general population, from 11-1-2010 to 9-19-2011 before he was taken to the VCBR in Burkeville, Virginia. . . .

(19). The Patrick County Court further ordered that Mr. King, ". . . shall have an annual review of his civil commitment on November 1, 2011, at 9:00 a.m.; and, . . ." this due process right established by statute law . . . was completely ignored by the defendants herein.

. . . .

5

(21). During the time Mr. King spent in the punitive environment of the Patrick County Jail he was told by Captain Darryl Smith he would be the "Jail Barber," and cut hair of the inmates and convicted prisoners in the jail.

(22). . . . [N]ow the defendants had assigned him to work with tools and in personal physical contact with prisoners as he cut hair which clearly violated § 37-909(A) of the Code of Virginia.

(23). The Patrick County Court's Order on 11-1-2010 further stated that, ". . . the Commissioner of DBHDS shall provide a report to the Court, the OAG, and Mr. King's attorney no later than sixty (60) days prior to the hearing . . ." which was ordered to be held on 11-1-2011 at 9 a.m. . . .

(24). Sixty days prior to 11-1-2011 Mr. King asked Therapist Ms. Short and VCBR Facility Director Ms. Kimberly H, Runion about his progress report. Pamela Sargent, with OAG, had not scheduled transportation for the hearing that was ordered by the Court; and, instructed Ms. Runion to not do Mr. King's evaluation until Oct. 2012.

(Compl. at 1-4.) The Court generously construes King to raise the following remaining claims for relief:

Claim Three: The Patrick County Jail Defendants violated King's due process rights[8] by housing King in general population and failing to transfer King from the Patrick County Jail to the custody of the VCBR despite his repeated complaints.

Claim Four: Defendant Captain Darryl Smith violated King's due process rights by assigning King to work as a barber, placing him contact with inmates in violation of section 37.2-909(A) of the Virginia Code.

For the reasons stated below, Claims Three and Four will be dismissed with prejudice.

---

[8] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

6

## II. SUMMARY JUDGMENT STANDARD

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the responsibility to inform the court of the basis for the motion, and to identify the parts of the record which demonstrate the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." Id. at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. (quoting former Fed. R. Civ. P. 56(c) and 56(e) (1986)).

In reviewing a summary judgment motion, the court "must draw all justifiable inferences in favor of the nonmoving party." United States v. Carolina Transformer Co., 978 F.2d 832, 835 (4th Cir. 1992) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)). However, a mere scintilla of

7

evidence will not preclude summary judgment. Anderson, 477 U.S. at 251 (citing Improvement Co. v. Munson, 81 U.S. (14 Wall.) 442, 448 (1872)). "'[T]here is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party . . . upon whom the onus of proof is imposed.'" Id. (quoting Munson, 81 U.S. at 448).

In support of their Motion for Summary Judgment, the Patrick County Defendants submit the Declaration of Lieutenant Mark Sowder of the Patrick County Sheriff's Office ("Sowder Decl.," ECF No. 51-1, at 1-4) and several records pertaining to King's arrest and detention from King's Inmate Record on file with the Patrick County Jail (Sowder Decl. Exs. 1-6, ECF No. 51-1, at 4-9.).

As a general rule, a non-movant must respond to a motion for summary judgment with affidavits or other verified evidence. Celotex Corp., 477 U.S. at 324. King did not respond to the Motion for Summary Judgment. King's failure to respond to the Motion for Summary Judgment permits the Court to rely solely on the submissions of the Patrick County Defendants in deciding the Motion for Summary Judgment. See Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir. 1994) ("'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'"

(quoting Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 915 & n.7 (5th Cir. 1992))); see Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials . . . ."). Furthermore, "[i]n determining a motion for summary judgment, the Court may assume that facts identified by the moving party in its listing of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion." E.D. Va. Loc. Civ. R. 56(B). Additionally, King's Particularized Complaint fails to constitute admissible evidence because King did not swear to the contents of his submissions under penalty of perjury. See United States v. White, 366 F.3d 291, 300 (4th Cir. 2004).

In light of the foregoing principles and submissions, the following facts are established for the purposes of the Motion for Summary Judgment. All permissible inferences are drawn in favor of King.

### III. SUMMARY OF FACTS[9]

On July 20, 1993, the Circuit Court for Patrick County ("Circuit Court") convicted King of rape and entering a dwelling house with the intention to commit a rape and sentenced him to

---

[9] To provide a full procedural history of King's convictions, the Court includes as facts information available from the public record and records that Defendant James W. Stewart, III attached to his Memorandum in Support of Motion to Dismiss. (ECF No. 31.)

9

twenty-five years of incarceration. See Commonwealth v. King, Nos. CR92009665-00 and CR92009667-00 (Va. Cir. Ct. July 20, 1993).[10] On November 24, 2009, the Circuit Court found King to be an SVP, but nonetheless determined that King was suitable for conditional release, the less restrictive alternative to involuntary secure impatient treatment and hospitalization pursuant to the Sexually Violent Predator Act, Virginia Code section 37.900 et seq. Commonwealth v. King, No. 08-196, at 1-6 (Va. Cir. Ct. entered November 24, 2009). The Circuit Court accepted the conditional release plan, added further restrictions on King's release, and released King from incarceration to the supervision of Patrick County probation. Id. at 2-6.

A. New Criminal Charge and Conviction

On June 22, 2010, police arrested King in Patrick County and charged him with entering school property after a conviction of a sexually violent offense on May 19, 2010, a felony under section 18.2-370.5 of the Virginia Code.[11] (See Stewart's Mem.

---

[10] See http://www.courts.state.va.us (select "Case Status and Information;" select "Circuit Court" from drop-down menu; select hyperlink for "Case Information"; select "Patrick Circuit Court" from drop-down menu and follow "Begin" button; type "King, Joe," and then follow "Search by Name" button; then follow hyperlink for "CR92009665-00" and "CR92009667-00").

[11] "Every adult who is convicted of a sexually violent offense . . . shall be prohibited from entering or being present (i) during school hours . . . upon any property he knows or has reason to know is a public or private elementary school or child

Supp. Mot. Dismiss Ex. 2, at 1-2, ECF No. 31-2.) On August 25, 2010, the Circuit Court issued a Disposition Notice for King's pending felony charge, and ordered the Sheriff, Jail Officer, or Correctional Officer to confine King in their facility pending a November 15, 2010 hearing on the criminal charges. (Sowder Decl. ¶ 4; id. Ex. 1, at 1.)

On November 15, 2010, the Circuit Court issued an Order for Continued Custody, and directed that the Sheriff, Jail Officer, or Correctional Officer to hold King in custody pending the January 20, 2011 hearing date on the felony charge. (Sowder Decl. ¶ 5; id. Ex. 2, at 1.)

On January 20, 2011, the Circuit Court issued another Order for Continued Custody, and further directed that the Sheriff, Jail Officer, or Correctional Officer hold King in custody pending the hearing date on February 28, 2011. (Sowder Decl. ¶ 6; id. Ex. 3, at 1.)

The Circuit Court found King guilty of entering school property after having been adjudged a sexually violent offender, and on February 28, 2011, the Circuit Court sentenced King to two years and six months of imprisonment in the custody of Virginia Department of Corrections ("VDOC"), with two years and three months of the sentence suspended, leaving an active term of incarceration of three months. Commonwealth v. King, No.

---

day center property . . . ." Va. Code Ann. § 18.2-370.5(A) (West 2014).

CR10019122-00, at 1-2 (Va. Cir. Ct. Feb. 28, 2011). The Court entered a disposition notice directing the Sheriff, Jail Officer or Correctional Officer to confine King in their facility due to his conviction. (Sowder Decl. ¶ 7; id. Ex. 4, at 1.)

On March 8, 2011, while King was serving his criminal sentence, the Virginia Parole Board issued a Warrant for King's detention for violating Conditions #1 and #6 of his supervised parole. (Sowder Decl. ¶ 8; id. Ex. 5, at 1.) The Warrant commanded the Sheriff to hold King in jail subject to further action of the Virginia Parole Board. (Sowder Decl. ¶ 8; id. Ex. 5, at 1.) The March 17, 2011 "Arresting Officer's Return to the Virginia Parole Board" and "Certificate of Jailor" both note King's incarceration at the Patrick County Jail as of that date. (Sowder Decl. ¶ 9, id. Ex. 6, at 1.)

On September 16, 2011, the Virginia Parole Board ordered that King could be processed for release from incarceration to the custody of the VCBR on September 19, 2011. (Stewart's Mem. Supp. Mot. Dismiss Ex. 6, at 1.) The Parole Board Action also "cancel[led] the [Order] holding the subject in custody for parole violation." (Id.) King moved into the custody of the VCBR on September 19, 2011. (Compl. 3.)

**B. Conditional Release Violation Proceedings**

While the Patrick County Jail held King on his criminal charge and conviction from June 22, 2010 through his return to

12

the VCBR on September 19, 2011, the Circuit Court also conducted proceedings on King's violations of the terms of his conditional release from civil detention as an SVP. On July 9, 2010, a Patrick County magistrate issued an Emergency Custody Order based upon a petition filed by King's probation officer, Ramona Baliles, stating that King had violated several terms of his conditional release, including entering school property during school hours or during hours of school-related activity. (See Stewart's Mem. Supp. Mot. Dismiss Ex. 3, at 1-2.) As of July 9, 2010, King remained in the Patrick County Jail for the pending criminal charge. (See id. at 1.) The Emergency Custody Order commanded that "ANY AUTHORIZED OFFICER" take King into custody and transport him to the Patrick County Jail where King "must remain in custody pending hearing in Circuit Court." (Id.)

On November 1, 2010, King appeared in the Circuit Court for his conditional release violation hearing. See Commonwealth v. King, No. CL-08-196, at 1-4 (Va. Cir. Ct. Nov. 1, 2010). The Circuit Court found that King had violated the conditions of his release, was no longer suitable for conditional release, and revoked his conditional release. Id. at 2. The Circuit Court ordered that King "be committed to the custody of the [DBHDS] for appropriate treatment and confinement in a secure facility designated by the Commissioner . . . ." Id. Following the hearing on November 1, 2010, King was returned to the Patrick

13

County Jail because of the pending felony charge. (Stewart's Mem. Supp. Mot. Dismiss 3; see id. Ex. 2, at 1). King finished his criminal sentence and moved into the custody of the VCBR on September 19, 2011. (Compl. 3.)

## IV. ANALYSIS

In Claim Three, King argues that the Patrick County Jail Defendants violated King's due process rights by housing King in general population of the Patrick County Jail and failing to transfer King from the Patrick County Jail to the custody of the VCBR despite his repeated complaints. King contends that as an SVP, a civil committee, he was improperly detained in the Patrick County Jail, in general population, between his arrest on July 8, 2010 through September 19, 2011. In King's view, section § 37.2-909(A) of the Virginia Code required the Patrick County Jail Defendants to detain King either in the VCBR or "segregated by sight and sound at all times from prisoners in the custody of a correctional facility," Va. Code Ann. § 37.2-909(A), and that the failure to segregate King in compliance with state law violated his due process rights. In Claim Four, King similarly argues that his assignment as jail barber during his purported civil detention violated his due process rights because it placed him in contact with inmates.

The Due Process Clause applies when government action deprives an individual of a legitimate liberty or property

14

interest. See Bd. of Regents of State Colls. v. Roth, 408 U.S. 564, 569-70 (1972). Thus, the first step in analyzing a procedural due process claim is to identify whether the alleged conduct affects a protected liberty or property interest. Beverati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997) (citations omitted). A liberty interest may arise from the Constitution itself, or from state laws and policies. Wilkinson v. Austin, 545 U.S. 209, 220-21 (2005) (citations omitted).

King fails to demonstrate that he had a legitimate liberty interest in being detained somewhere other than general population of the Patrick County Jail between his arrest for a new felony charge on June 22, 2010 and his release from incarceration to the custody of the VCBR on September 19, 2011. While King alleges that he "violated no law and committed no crime, [and] was arrested and taken into the punitive environment of the Patrick County Jail" (Compl. 2), as previously discussed, King misstates the truth. King wholly omits any reference to his concurrent criminal and parole violation proceedings or his lawful detention in the Patrick County Jail for that felony charge and conviction.

The Patrick County Defendants have established that at all times relevant to the Complaint, King was detained in the Patrick County Jail for a new criminal charge and conviction, and violations of his parole, not as a civil detainee.

Accordingly, King fails to demonstrate that his incarceration in the Patrick County Jail or any assignment to serve as a jail barber in general population violated his due process rights. Cf. Baker v. McCollan, 443 U.S. 137, 145-46 (1979) (finding no due process violation for detaining defendant in jail after his arrest "[g]iven the requirements that arrest be made only on probable cause and that one detained be accorded a speedy trial"); Meachum v. Fano, 427 U.S. 215, 224 (1976) (explaining that "given a valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him . . . . in any of its prisons"). Accordingly, Claims Three and Four will be dismissed.

V. CONCLUSION

The Patrick County Defendants' Motion for Summary Judgment (ECF No. 50) will be granted. King's claims and the action will be dismissed.

The Clerk is directed to send a copy of the Memorandum Opinion to King and counsel of record.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: December 16, 2014

16